# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
|     Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-530 |
| | § | C.A. No. C-09-87 |
| GERARDO GIILBERTO RIVERA, | § | |
|     Defendant/Movant. | § | |

## MEMORANDUM OPINION AND ORDER
## DENYING WITHOUT PREJUDICE
## MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE
## ORDER DIRECTING CRIMINAL JUDGMENT TO BE RE-ENTERED,
## AND ORDER APPOINTING COUNSEL ON APPEAL

Pending before the Court is Defendant Gerardo Gilberto Rivera's motion pursuant to 28 U.S.C. § 2255 (D.E. 85).[1] The United States filed a response, in which it conceded that Martinez was entitled both to equitable tolling and to relief on his claim of ineffective assistance of counsel on appeal. Rivera replied, requesting that an evidentiary hearing be set on his other claim, which was a claim of ineffective assistance with regard to his decision to proceed to trial. The Court set the case for an evidentiary hearing and appointed the Office of the Federal Public Defender to represent Rivera at the hearing. The hearing was held on October 22, 2009.

At the hearing, Rivera and his counsel informed the Court that Rivera wanted to withdraw his claim of ineffective assistance of counsel with regard to his decision to proceed

---

[1] Docket entry references are to the criminal case, C-04-cr-530.

1

to trial. The parties agreed that Rivera was entitled to an out-of-time appeal as to his second claim.

As conceded by the United States, the Court finds that the actions of Rivera's appellate counsel were both deficient and prejudicial. In short, counsel's actions deprived Rivera of the opportunity to have the Fifth Circuit consider his case on appeal. Thus, the Court finds that Rivera has established both deficiency and prejudice. See Roe v. Flores-Ortega, 528 U.S. 470, 484 (2000) ("[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal.");[2] see also Rodriguez v. United States, 395 U.S. 327, 330 (1969) (a *pro se* movant need not state the grounds on which he would have appealed, had the opportunity not been denied).

The Fifth Circuit has directed that the proper remedy in such a case is to re-enter judgment and allow an out-of-time appeal. See United States v. West, 240 F.3d 456, 459 (5th Cir. 2001) ("when leave to file an out-of-time appeal is granted, the district court should *reinstate* the criminal judgment to trigger the running of a new Rule 4(b) appeal period.") (emphasis in original). Accordingly, the Court directs the Clerk to reinstate Rivera's criminal judgment in this case. Rivera has 10 days in which to file his notice of appeal from the

---

[2] Roe involved counsel's failure to file a Notice of Appeal, while in this case, Rivera's attorney filed a *pro se* notice of appeal, but then failed to timely pay the appellate filing fee, resulting in the dismissal of the appeal. The Court finds this case to be governed by Roe nonetheless, because the end result is the same. That is, unlike in other cases where a defendant's counsel filed either a merits brief or an Anders brief, no brief was ever filed in the instant case. Thus, the defendant here, as in Roe, was deprived of an "appellate proceeding altogether.'" See Roe, 528 U.S. at 483.

reinstated criminal judgment. Additionally, the Court appoints the Office of the Federal Public Defender to represent Rivera on appeal.

Finally, Rivera's motion under 28 U.S.C. § 2255 is DISMISSED WITHOUT PREJUDICE. See West, 240 F.3d at 460 (clarifying that "part of the procedure for granting an out-of-time direct criminal appeal is dismissing the § 2255 motion without prejudice"); United States v. Joubert, 273 F.3d 1099, 1099 (5th Cir. 2001) (unpublished) (vacating the district court's grant of § 2255 relief and remanding with instructions for district court to dismiss the § 2255 motion without prejudice and to re-enter its sentencing judgment so that the defendant could pursue an out-of-time appeal).

### III. CONCLUSION

For the reasons set forth above, the Clerk is directed to re-enter Rivera's criminal judgment (D.E. 70) as of the date of this Order. Rivera has ten days in which to file a Notice of Appeal, and Office of the Federal Public Defender is hereby appointed to represent Rivera on appeal. Finally, Rivera's § 2255 motion (D.E. 85) is DISMISSED WITHOUT PREJUDICE.

It is so ORDERED this 25th day of October, 2009.

_____
HAYDEN HEAD
CHIEF JUDGE